915 F.2d 1584
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Amado M. ELEGIO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3150.
 United States Court of Appeals, Federal Circuit.
 Sept. 24, 1990.
 
 Before PAULINE NEWMAN, ARCHER and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Mr. Amado M. Elegio has petitioned for review of the decision of the Merit Systems Protection Board, Docket No. SE08318910717 (November 8, 1989), which became final on December 13, 1989. The Board affirmed the reconsideration decision of the Office of Personnel Management holding that Mr. Elegio was not entitled to an annuity under the Civil Service Retirement Act. We affirm.
 
 OPINION
 
 2
 The record shows that Mr. Elegio was a civilian employee of the United States Army for approximately six months in 1948, by "excepted" appointment, which was not subject to the Civil Service Retirement Act. He later worked for Brown-Pacific-Maxon Company, a contractor for the Navy, from 1951 to 1954. This employment was not subject to the Civil Service Retirement Act. Mr. Elegio states that while working for Brown-Pacific-Maxon at the Agana, Guam airstrip he was involved in a car accident, which required extensive hospitalization and left him twenty-five percent disabled. Mr. Elegio claims a retirement annuity based on this employment and his disability.
 
 
 3
 To be eligible for a retirement annuity under the Civil Service Retirement Act, an employee must have at least five years of civilian governmental employment, and at least one of the last two years must have been in a position covered by the Act. 5 U.S.C. Sec. 8333(a), (b) (1988). The Board correctly held that Mr. Elegio has not shown that he has the five years of creditable service necessary for annuity eligibility. Review of the records shows that Mr. Elegio was a United States government employee for only six months in 1948. His employment by Brown-Pacific-Maxon is not relevant because an employee of a contractor is not a government employee and is not subject to the Civil Service Retirement Act. Mr. Elegio's employment records show no employment in a position covered by the Civil Service Retirement Act.
 
 
 4
 Mr. Elegio's claim that he is entitled to an annuity because of his disabling injury while working for Brown-Pacific-Maxon also must fail, since he was not a government employee. The eligibility requirements are statutory, and can not be waived. See Koch v. Office of Personnel Management, 20 M.S.P.R. 461, 463 (1984), aff'd, 776 F.2d 1058 (Fed.Cir.1985) (Table).